IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| ERRICHE ANTON VON GREENBRIER, | CV 12-53-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| GREENBRIER, and GREENBRIER IA, | |
| Defendants. | |

_____

**I.  INTRODUCTION**

Plaintiff Erriche Anton Von Greenbrier is proceeding pro se in this action, and he filed a motion to proceed in forma pauperis.  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his motion is **GRANTED**.  This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Plaintiff's lodged Complaint as of the filing date of his motion to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading.  The applicable provisions of section 1915(e)(2) state as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal–

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Plaintiff's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff commenced this action by filing a complaint setting forth extremely vague allegations. Based on the limited information provided by Plaintiff, it appears that Defendants may have filed a lawsuit against Plaintiff in the State of Virginia asserting Plaintiff is liable for infringing upon Defendants' trademark rights. Plaintiff states he wants to "counter sue" Defendants, and that he wants the issues resolved in the courts in Montana, not in Virginia. Plaintiff

has not provided any further background information describing the underlying circumstances of his case, nor has he identified any legal claim he may seek to assert against Defendants.

## III.  DISCUSSION

Because Plaintiff is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A.  Jurisdiction

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, to avoid dismissal Plaintiff's Complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

### 1. Federal Question Jurisdiction

Federal question jurisdiction requires that the plaintiff's civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As presently pled, Plaintiff's complaint fails to set forth any basis for

federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff's complaint does not expressly plead any cause of action arising under any specific provision of the United States Constitution, or the laws or treaties of the United States.  If Plaintiff intends to plead a cause of action under federal law, then he must identify the specific federal right he alleges Defendants violated.  As pled, however, Plaintiff's allegations fail to state a claim on which relief could be granted which would invoke this Court's federal question jurisdiction.

## 2. Diversity of Citizenship Jurisdiction

The district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000[,]" and the civil action is between citizens of different States.  28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).  A plaintiff must advance allegations, made in good faith, establishing that the amount in controversy exceeds $75,000.  *Geographic Expedition, Inc.*, 599 F.3d at 1106.  If it appears to the court to a legal certainty that the amount of the claim is really less than the jurisdictional amount, then the court has authority to dismiss the case for lack of jurisdiction.  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Here, Plaintiff has not plead any facts asserting that the amount in controversy exceeds $75,000.  Although Plaintiff alleges he has "over 1/3 of a

Billion Dollars in projects [] tied up in [his] business venture[,]" he does not allege any amount of money that is actually in controversy in this case. Dkt. 2 at 6. Therefore, Plaintiff has not made any good faith assertion of the requisite amount in controversy, and has not presented sufficient information on which the Court can assess whether diversity jurisdiction exists under 28 U.S.C. § 1332.

Additionally, diversity of citizenship jurisdiction requires complete diversity of citizenship between the plaintiff and each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Plaintiff alleges Defendant "Greenbrier, Greenbrier IA" is a citizen of Virginia. But, Plaintiff also refers to other individuals in the body of his complaint without identifying the State of their citizenship. If Plaintiff intends to name those individuals as Defendants in this action, he must affirmatively allege the citizenship of each individual.

### B. Venue

Federal law at 28 U.S.C. § 1391 sets forth the rules for determining the proper venue for cases filed in the federal courts. In general, the proper venue for an action is as follows:

>**(b) Venue in general.**--A civil action may be brought in–
>
>>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the circumstances of this case, Plaintiff's allegations do not establish that venue is proper in the District of Montana under any of the alternative provisions of section 1391. Plaintiff does not allege that all Defendants reside in the District of Montana. Additionally, Plaintiff's allegations do not establish that a substantial part of the events or omissions that are the subject of this lawsuit occurred in the District of Montana. Finally, Plaintiff's allegations do not invoke the venue provisions in alternative (3) listed above.

Absent sufficient allegations establishing that the District of Montana is the proper venue for this action, this lawsuit is subject to transfer or dismissal based on improper venue as provided under 28 U.S.C. § 1406(a). The district court has discretion in determining whether to either dismiss or transfer an action under section 1406(a). *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## C. <u>Short and Plain Statement of Jurisdiction, Claims and Relief</u>

Plaintiff is advised that Federal Rules of Civil Procedure Rule 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a).  For purposes of stating a claim for relief, a pleading need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Plaintiff has failed to allege any facts as required under Fed. R. Civ. P. 8(a).  Plaintiff, must provide short and plain statements advising the Court of the following:

> (1) what it is that each Defendant did or failed to do.  Plaintiff shall explain each Defendant's role in the events which give rise to this lawsuit; and
>
> (2) what injury Plaintiff suffered as a result of each Defendant's conduct.

Additionally, Plaintiff must set forth factual allegations establishing this Court's jurisdiction.  Specifically, Plaintiff shall expressly plead facts establishing diversity of citizenship, and that the matter in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).  Plaintiff shall identify the State of which each Defendant is a citizen.  Alternatively, Plaintiff must identify the specific

federal law each Defendant allegedly violated on which federal question jurisdiction could be based.

Finally, Plaintiff must plead facts which establish that the District of Montana is the proper venue for this action. Specifically, Plaintiff shall identify:

(1) the State in which each Defendant resides; and

(2) the judicial district in which the events or omissions giving rise to his claims occurred.

## IV. CONCLUSION

Based on the foregoing, the Court finds Plaintiff's complaint, as presently pled, is subject to dismissal for lack of jurisdiction, improper venue, and for failure to state a claim on which relief could be granted. In view of Plaintiff's pro se status, however, the Court will afford him an opportunity amend his allegations to cure the defects noted in this Order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that on or before **May 23, 2012,** Plaintiff shall file an amended complaint. The Clerk of Court is directed to provide him with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Plaintiff's amended complaint shall set forth a short and plain statement of (1) his claims against each individual defendant showing that he is entitled to relief, (2) the grounds for the court's jurisdiction over this action, and

(3) the facts which indicate that the District of Montana is the proper venue for this lawsuit.

At all times during the pendency of this action, Plaintiff shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 23rd day of April, 2012.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge