IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| ERRICHE ANTON VON GREENBRIER, | CV 12-53-M-DLC-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| GREENBRIER, and GREENBRIER IA, | |
| Defendants. | |

_____

**I. INTRODUCTION**

This matter is before the Court due to Plaintiff Erriche Von Greenbrier's failure to comply with the Court's previous Order entered in this case. For the reasons stated, the Court recommends that this action be dismissed without prejudice.

Von Greenbrier, appearing pro se, commenced this action by filing his complaint, together with his motion requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. By Order entered April 23, 2012, the Court granted Von Greenbrier's motion and reviewed the merits of his complaint under authority of 28 U.S.C. § 1915(e)(2) to determine whether it was subject to dismissal under any of the provisions of subsection (e)(2), or any other legal grounds. The Court

1

identified jurisdictional and venue defects which subject Von Greenbrier's action to dismissal, and ordered him to file an amended complaint by May 23, 2012, to cure the defects identified in the Order.

No further activity has occurred in this case since the April 23, 2012 Order. As of the date of this recommendation, Von Greenbrier has neither filed his amended complaint, nor moved for an extension of time within which to file his pleading.

## II.  DISCUSSION

Rule 41(b), Fed. R. Civ. P., authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The court may dismiss a case under Rule 41(b) sua sponte. *See e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631-633 (1962); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal of a case under Rule 41(b) as a consequence of a party's failure to comply with a court order, the court must weigh five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

### A. Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id*. (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Under the circumstances of this case, this factor weighs in favor of dismissing this case. The dismissal would be without prejudice so that Von Greenbrier may re-file his complaint at a later date. But, at this juncture, in view of his failure to prosecute this case and comply with the Court's Order, an expeditious resolution of this matter is in the public's interest.

### B. Docket Management

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant. *See Pagtalunan*, 291 F.3d at 642. The court must be able to "manage its docket without being subject to routine noncompliance of litigants[.]" *Id*. (citing *Ferdik*, 963 F.2d at 1261).

Von Greenbrier has demonstrated his inability or unwillingness to comply with the Court's April 23, 2012 Order. Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant. Therefore, this factor weighs in favor of dismissal.

### C. **Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party. *Id*. The law

presumes that an unreasonable delay has caused prejudice to the opposing party. *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Although neither of the Defendants have appeared in this action, prejudice is inherent in the delay caused by Von Greenbrier's noncompliance. *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation). But, absent evidence before the Court with respect to any specific prejudice any of the Defendants may have suffered, the Court deems this factor to have neutral weight under the circumstances of this case and in the context of the Court's analysis under Rule 41(b).

### D. Less Drastic Alternatives

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32). A court's "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id*. at 1229 (citations omitted).

The Court has already provided Von Greenbrier an opportunity to file his amended complaint. Had Von Greenbrier complied his conduct would have alleviated the need for a Rule 41(b) dismissal of this case. At this time, there is no reason to expect Von Greenbrier will "respond more satisfactorily to [an

additional] round" of opportunities to comply with the Court's Order than he has thus far. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Finally, the Court's April 23, 2012 Order warned Von Greenbrier that this matter may be dismissed if he failed to comply with the Court's Orders. Therefore, in considering other less drastic alternatives, in view of the warning given to Von Greenbrier the Court concludes dismissal is appropriate.

### E. Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of any particular case, this factor will always counsel against dismissal.

### III. CONCLUSION

Based on the foregoing, although the policy favoring disposition of cases on their merits weighs against dismissal under Rule 41(b), taken as a whole the remaining factors support the dismissal of this case. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision

(b) [...] operates as an adjudication on the merits." To allow for the potential of a future disposition of this case on its merits, the Court does not recommend this dismissal as an adjudication of the merits of Von Greenbrier's claims. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED this 1st day of June, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge