**FILED**

AUG 2 3 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | | |
|---|---|---|
| ERRICHE ANTON VON GREENBRIER, | ) | CV 12-53-M-DLC-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GREENBRIER, and GREENBRIER IA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Von Greenbrier filed this action stating vague allegations and expressing a desire to "counter sue" the Defendants, who apparently have a pre-existing lawsuit pending against Plaintiff in the State of Virginia. United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2) and issued an Order dated April 23, 2012, in which he noted several defects in the Complaint. Judge Lynch explained that the Complaint as currently pled is subject to dismissal, and ordered

-1-

Plaintiff Von Greenbrier to file an amended complaint. Judge Lynch set a

deadline of May 23, 2012, for filing of an amended complaint. He warned Von

Greenbrier that failure to adhere to the deadline may subject the Complaint to

dismissal under Fed. R. Civ. P. 41(b). Von Greenbrier has not filed an amended

complaint, and has filed nothing in this case since he filed his Complaint on April

10, 2012.

On June 1, 2012, Judge Lynch entered Findings and Recommendations in

this matter in which he recommends dismissal of the Complaint for failure to

prosecute under Fed. R. Civ. P. 41(b). Plaintiff Von Greenbrier did not timely

object and so has waived the right to de novo review of the record. 28 U.S.C. §

636(b)(1). This Court will review the Findings and Recommendation for clear

error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309,

1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and

firm conviction that a mistake has been committed." United States v. Syrax, 235

F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether

to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d

639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious

resolution of cases, the Court's need to manage its docket, and the availability of

less drastic options all favor dismissal, while only the preference for resolution of

-2-

cases on the merits does not.  Judge Lynch found the factor of prejudice to the

Defendants to be neutral in this instance.  On this basis Judge Lynch

recommended that the case be dismissed without prejudice for failure to prosecute.

I can find no clear error with Judge Lynch's Findings and Recommendations (Doc.

No. 5) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is

DISMISSED without prejudice for failure to prosecute under Fed. R. Civ. P.

41(b).  The Clerk of Court is directed to enter a judgment of dismissal.

DATED this **23**rd day of August, 2012.

Dana L. Christensen, District Judge
United States District Court