FILED

AUG 2 3 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ERRICHE ANTON VON GREENBRIER, ) | CV 12-53-M-DLC-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| GREENBRIER, and GREENBRIER IA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Von Greenbrier filed this action stating vague allegations and expressing a desire to "counter sue" the Defendants, who apparently have a pre-existing lawsuit pending against Plaintiff in the State of Virginia. United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2) and issued an Order dated April 23, 2012, in which he noted several defects in the Complaint. Judge Lynch explained that the Complaint as currently pled is subject to dismissal, and ordered

-1-

Plaintiff Von Greenbrier to file an amended complaint. Judge Lynch set a deadline of May 23, 2012, for filing of an amended complaint. He warned Von Greenbrier that failure to adhere to the deadline may subject the Complaint to dismissal under Fed. R. Civ. P. 41(b). Von Greenbrier has not filed an amended complaint, and has filed nothing in this case since he filed his Complaint on April 10, 2012.

On June 1, 2012, Judge Lynch entered Findings and Recommendations in this matter in which he recommends dismissal of the Complaint for failure to prosecute under Fed. R. Civ. P. 41(b). Plaintiff Von Greenbrier did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious resolution of cases, the Court's need to manage its docket, and the availability of less drastic options all favor dismissal, while only the preference for resolution of

cases on the merits does not. Judge Lynch found the factor of prejudice to the Defendants to be neutral in this instance. On this basis Judge Lynch recommended that the case be dismissed without prejudice for failure to prosecute. I can find no clear error with Judge Lynch's Findings and Recommendations (Doc. No. 5) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). The Clerk of Court is directed to enter a judgment of dismissal.

DATED this 23rd day of August, 2012.

Dana L. Christensen, District Judge
United States District Court